UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCOTT A. MILLER,

                                        Plaintiff,          Case # 18-CV-1429-FPG

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

On January 5, 2015, Plaintiff Scott A. Miller protectively applied for Disability Insurance

Benefits under Title II of the Social Security Act (the "Act"), alleging disability beginning August

15, 2014. Tr.[1] 88, 240-41. After the Social Security Administration ("SSA") denied his claim (Tr.

101-08), Plaintiff appeared, with counsel, at hearings before Administrative Law Judge Melissa

Lin Jones ("the ALJ") on October 10 and 26, 2017. Tr. 30-48, 49-87. On November 9, 2017, the

ALJ issued an unfavorable decision. Tr. 10-18. The Appeals Council denied Plaintiff's request

for review, making the ALJ's decision the final decision of the SSA. Tr. 1-7. Plaintiff then

appealed to this Court.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c). ECF Nos. 9, 12. For the reasons that follow, Plaintiff's motion is GRANTED,

the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

[2] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

# LEGAL STANDARD

## I.     District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.    Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him to perform the requirements of his past relevant work; and (5) whether the claimant's RFC permits him to perform alternative substantial gainful work which exists in the national economy in light of his age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

## I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found Plaintiff had not engaged in gainful activity since the alleged onset date.  Tr. 12.  At step two, the ALJ found that Plaintiff had multilevel disc herniations in the lumbar spine, constituting a severe impairment.  Tr. 12.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 13.  Next, the ALJ determined that Plaintiff retains the RFC to perform light work, "except he can only occasionally bend to floor level or kneel."  Tr. 13.

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as an outside deliverer.  Tr. 16.  At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, and therefore, the ALJ concluded that Plaintiff is not disabled.  Tr. 17.

## II.     Analysis

Plaintiff advances three arguments in support of remand: (1) the RFC finding that Plaintiff was able to perform light work with only occasional bending and kneeling is not supported by substantial evidence, at least in part because the ALJ gave "little weight" to the opinion of Plaintiff's treating physician, Ronald Palazzo, M.D.; (2) the ALJ erred in concluding that Plaintiff's impairments do not meet a Listing; and (3) the ALJ improperly evaluated Plaintiff's credibility.  Because the Court agrees that the ALJ's treatment of Dr. Palazzo's opinion was error, it does not reach Plaintiff's remaining arguments.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

The ALJ here failed to give good reasons for discounting the opinion of Plaintiff's treating physician, Dr. Palazzo, who opined on August 7, 2017 that Plaintiff would need to lie down 3 to 5 hours per day, as needed, would be limited to standing or walking for 2 hours per day and to sitting less than 6 hours per day, and would not be able to lift or carry more than 5 pounds. Tr. 466.

The ALJ gave Dr. Palazzo's opinion "little weight" because the limitations expressed in it were, according to the ALJ, "inconsistent with the medical record," including testimony given by Plaintiff himself. Tr. 16. More fundamentally, the ALJ concluded that there was "no evidence in the record" to support Dr. Palazzo's opinion. The ALJ is wrong. *See Greek v. Colvin*, 802 F.3d

370, 375 (2d Cir. 2015) ("The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.") (quoting another source).

The ALJ summarily concluded that Dr. Palazzo's opinion was "inconsistent with the medical record," yet the ALJ did not identify any records inconsistent with Dr. Palazzo's opinion. Indeed, Dr. Palazzo's opinion is *consistent* with his own treatment records, which the ALJ ignored. Dr. Palazzo treated plaintiff over ten times for nearly three years—from at least November 2014 to August 2017. Each time, Dr. Palazzo documented Plaintiff's significant back and disc herniation issues. Tr. 386-87, 433, 439, 442, 443, 444, 446, 451, 463, 464. Contrary to the ALJ's claim, these records—together with the length of the treating relationship—provide ample evidence to support Dr. Palazzo's treating opinion.

Dr. Palazzo's opinion is also largely consistent with the opinion from Dr. Liu, which the ALJ gave "great weight."[3] Dr. Liu opined that Plaintiff "has mild to moderate limitations of prolonged walking, bending, and kneeling." Tr. 410-12. While the limitations set forth by Dr. Liu are perhaps less severe than those identified by Dr. Palazzo, both agree on the general breadth of Plaintiff's limitations: bending, kneeling, and walking. And that Dr. Palazzo rendered his opinion two years after Dr. Liu evaluated Plaintiff leaves open the significant possibility that Plaintiff's condition deteriorated during that time. *See Hamilton v. Comm'r of Soc. Sec.*, No. 18-CV-1470-FPG, 2020 WL 1330702, at *3 (W.D.N.Y. Mar. 23, 2020).

Yet despite giving this opinion "great weight" and incorporating the bending and kneeling restrictions, the ALJ failed to incorporate *any* limitations for walking into the RFC. Indeed, the

---

[3] The ALJ's extensive reliance on an opinion from neurosurgeon Kevin J. Gibbons, M.D. is also misplaced. It appears that Plaintiff only saw Dr. Gibbons once for a neurosurgery evaluation, after which Dr. Gibbons noted that Plaintiff's "education issues or lack of education may increase his suitability for a declaration of disability but under the guidelines as I understand them, I would not be able to state that he is completely and totally disabled from any occupation for a significant period of time." Tr. 369. The ALJ erroneously interprets this one-time consultation note to mean that Plaintiff has no functional limitations, and credits this "opinion" over the opinion of Plaintiff's treating doctor.

only restrictions in the RFC are for "light work" and occasional bending and kneeling. Tr. 13. But "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). It has nothing to do with Plaintiff's ability to stand or walk. Thus, without explanation, the ALJ adopted only the portions of Dr. Liu's opinion that supported her RFC while she disregarded those that were clearly consistent with the opinion from Plaintiff's treating physician. *See Younes v. Colvin*, No. 14-cv-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) (although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an administrative law judge must have a sound reason for weighting portions of the same-source opinions differently"); *Phelps v. Colvin*, No. 12–CV–976S, 2014 WL 122189, *4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible") (internal quotations and brackets omitted); *Caternolo v. Astrue*, No. 6:11–CV–6601(MAT), 2013 WL 1819264, *9 (W.D.N.Y. Apr. 29, 2013) ("[I]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination") (internal quotations omitted) (collecting cases).

Finally, the ALJ erroneously claims that Dr. Palazzo's opinion is inconsistent with "testimony given by claimant, which supports a finding that he is capable of engaging in greater activity." Tr. 16. Again, the ALJ is wrong. Plaintiff's testimony paints a picture far more consistent with Dr. Palazzo's findings—especially with respect to Plaintiff's inability to stand for prolonged periods of time—than with the limitations contained in the RFC. For example, Plaintiff testified that his back issues started one day when he woke up and could not get out of bed. Tr. 70. Plaintiff indicated that he could sit or stand for only 15 minutes before needing to change

position.  Tr. 78.  He testified that he could walk the length of five houses before needing to stop and only sleeps for three to four hours at a time because of his back issues.  Tr. 78-80.  Plaintiff's activities of daily living demonstrate that he lives a largely sedentary lifestyle with very little movement.  After showering for the day, Plaintiff lays down for several hours.  Tr. 68.  He "tr[ies] to cook" and clean, but he often finds that he needs assistance with even the most basic tasks.  Tr. 66, 81.  The Court fails to understand how this testimony supports a finding that Plaintiff is "capable of engaging in greater activity" than the activity described by Dr. Palazzo.

The ALJ's rejection of Dr. Palazzo's opinion was not harmless error because it could have changed the outcome of the case.  The RFC allows Plaintiff to perform "light work."  But Dr. Palazzo's opinion would have constrained Plaintiff to performing a significantly more limited subset of work, involving little to no movement.  At the very least, this calls into question the ALJ's determination that Plaintiff could perform his past relevant work as an outside deliverer.  Consequently, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is GRANTED, the Commissioner's motion for judgment on the pleadings (ECF No. 12) is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 8, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court